UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Carlos Ayala Juarez
(A-Number: 222-597-341),

Petitioner,

v.

TANYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-06403-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Carlos Ayala Juarez is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. The court ordered respondents to show cause why the petition should not be granted. Doc. 5. Respondents state that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)[.]" Respondents argue that petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b), but they acknowledge that the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. *See* Doc. 7. Respondents further argue that in light of *Rodriguez*, "Petitioner is therefore entitled to seek a custody

redetermination hearing before an immigration judge." *See id.* at 1.

This Court has typically ordered immediate release because respondents detained petitioner on their assertion that he was subject to mandatory detention under § 1225(b), and they did not purport to detain petitioner under § 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026) (declining to *sua sponte* construe petitioner's detention as one arising under § 1226(a)). Moreover, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained." *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* There is no evidence in the record that respondents used a warrant to arrest petitioner. "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion). The appropriate remedy here is petitioner's immediate release. *See Perez Fuentes v. Warden, et al.*, No. 1:26-CV-05530 (EJD), 2026 WL 2548645 (E.D. Cal. Aug. 28, 2026).

Accordingly, the petition for writ of habeas corpus is GRANTED. The Court ORDERS that respondents release petitioner Carlos Ayala Juarez. (A-Number: 222-597-341) immediately. If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

///

///

///

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: September 6, 2026

UNITED STATES DISTRICT JUDGE